IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 1:13CR350-LMB-24 |
| | ) |
| GRACIER ISIQUE, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The United States and the defendant, Gracier Isique, agree that had this matter proceeded to trial, the United States would have proven the facts set forth herein beyond a reasonable doubt.

1. Between approximately August 2012, and September, 2012, within the Eastern District of Virginia and elsewhere, Gracier Isique unlawfully, knowingly, and intentionally combined, conspired, confederated, and agreed with others to distribute cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. Prior to the dates listed above, Gracier Isique lived with Lovell Ritchie in Manassas, Virginia. Lovell Ricthie was a Five-star General in the Nine Trey Gangsters street gang. Gracier Isique knew that Richie regularly sold cocaine base in conjunction with fellow gang members Raymond Dawes and Heavenly Sovereignty. Lovell Richie sold cocaine base in half-ounce and ounce quantities. Dawes, Richie, and Sovereignty were convicted for their role in this conspiracy in the Richmond Division of the United States District Court for the Eastern District of Virginia (3:13CR72).

I

3. In August and September of 2012, Lovell Ritchie was temporarily incarcerated on state criminal charges. Defendant Gracier Isique took over Lovell Ritchie's sales of cocaine base during Ritchie's incarceration to make-up for the loss of income.

4. Gracier Isique obtained cocaine base from the same suppliers that Lovell Ritchie and other Nine Trey Gangster gang members used. She then sold crack cocaine to customers from her house and elsewhere.

5. During August and September of 2012, two confidential sources working with the Prince William County Police Department and the Northern Virginia Regional Gang Task Force purchased 3.5 grams of cocaine base (referred to as an "Eight ball") from Gracier Isique on several occasions.

6. Gracier Isique personally distributed at least 22.4 grams but less than 28 grams of crack cocaine in furtherance of the conspiracy.

5. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the government. It does not include each and every fact known to the defendant or the government, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

6. The actions of the defendant as recounted above were in all respects knowing and deliberate, and were not committed by accident, mistake, or other innocent reason.

Respectfully submitted,

Dana J. Boente
Acting United States Attorney

By: _____
Adam B. Schwartz
Dennis Fitzpatrick
Assistant United States Attorneys

2

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Gracier Isique and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Gracier Isique
Defendant

I am counsel for Gracier Isique. I have carefully reviewed the above Statement of Facts with the defendant. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Brent Jackson, Esq.
Counsel for Gracier Isique